LEDET, J.,
concurs in part and dissents in part with reasons.
|, The trial court awarded only one-half the amount of additional damages that the plaintiff, Mohammad Aghighi, requested. The trial court, in its reasons for judgment, explained that the damage award was based on its factual finding that many of the loss figures submitted by Mr. Aghi-ghi were inflated. Based on its factual finding that there was a legitimate dispute as to the amount of the loss, the trial court rejected Mr. Aghighi’s request for statutory penalties and attorneys’ fees under La. R.S. 22:1892. In so doing, the trial court found that Louisiana Citizens did not act in an arbitrary or capricious manner.
Although I agree with the majority’s decision affirming the trial court’s damage award, I disagree with its decision reversing the trial court’s denial of statutory penalties. As this court has held, “the determination as to whether an insurer’s refusal to pay is arbitrary, capricious, or without probable cause hinges on the facts of which the insurer was aware of at the time it acted.” Arceneaux v. Amstar Corp., 06-1592, p. 41 (La.App. 4 Cir. 10/31/07), 969 So.2d 755, 781. The trial court’s determination of whether an insurer’s claim handling process was arbitrary, capricious, or without probable cause is “a factual finding that may not be disturbed on appeal absent manifest error.” Id. (collecting cases).
| ¡¿Because I cannot conclude the trial court was manifestly erroneous, I would affirm the trial court’s decision denying Mr. Aghighi’s request for statutory penalties. Granting an award of statutory penalties under the circumstances of this case, as Louisiana Citizens contends, penalizes an insurer for re-inspecting its insured’s property and, based on that re-inspection, paying the insured an additional amount. Louisiana Citizens’ claim handling process of re-inspecting the property and then making an additional payment following its re-inspection was not arbitrary or capricious. See Jouve v. State Farm Fire and Cas. Co., 10-1522, pp. 11-28 (La.App. 4 Cir. 8/17/11), 74 So.3d 220, 227, writ denied, 11-2250 (La.11/23/11), 76 So.3d 1157 (affirming finding that insured failed to establish entitlement to statutory penalties under similar circumstances). For these reasons, I would affirm the trial court’s judgment denying Mr. Aghighi’s request for statutory penalties and attorneys’ fees under La. R.S. 22:1892.
Accordingly, I respectfully concur in part and dissent in part.
JENKINS, J., concurs in part and dissents in part with reasons.
hi concur in part and dissent in part for the reasons assigned by Judge Ledet.